UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GERMANI MARIE MADDEN,<br><br>                Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>                Defendant. | Case No. 2:22-cv-01829-GMN-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 2); REQUEST FOR CM/ECF LOGIN AND PASSWORD (ECF NO. 3) |

Pro se plaintiff Germani Marie Madden filed an application to proceed in forma pauperis (IFP) and a request for CM/ECF Login. ECF Nos. 2 and 3. I deny Madden's IFP application and request without prejudice, with leave to refile.

**DISCUSSION**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."  The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours &*

*Co.*, 335 U.S. 331, 339 (1948). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov.

9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

Local Rule IC 2-1(b), which states that a "pro se litigant may request the court's authorization to register as a filer in a specific case." A "filer" is defined as "a person who is issued a login and password to file documents in the court's electronic filing system." LR IC 1-1(b).

Plaintiff Madden submitted the Short Form IFP application. ECF No. 2. Plaintiff's application is incomplete. She states that she makes $0 in wages in response to question number 2. In response to question number 3 regarding other income, she leaves it entirely blank and does not respond to any of the subparts. She states that she has no property of any kind. In response to question number 6, which asks that she both describe and provide the amount of her expenses, she lists only that she has $500 in expenses per month, but she does not specify what those expenses are, or how he pays these bills. *Id.*

I cannot determine whether the applicant qualifies for IFP status.[1] I deny plaintiff's IFP application without prejudice. I will give plaintiff one opportunity to file a complete IFP application. I order that the plaintiff must complete the Long Form application. Plaintiff is required to provide comprehensive information regarding her sources of income, employment history, bank accounts, assets, monthly expenses, how she pays her bills, and her years of schooling, among other things. Plaintiff must fully answer all applicable questions and check all applicable boxes. I give plaintiff thirty days to file an updated IFP application. Plaintiff may alternatively pay the filing fee in full. Since I deny plaintiff's IFP application, I do not screen her complaint now.

Plaintiff also filed a request for CM/ECF login and password for pro se litigant. ECF No. 3. The

---

[1] I take judicial notice that plaintiff's IFP applications in other cases in this court have been denied without prejudice for being incomplete. See *Madden v. Molasky Corporate Center*, 2:21-cv-02141-JAD-DJA and *Madden v. Juarez et al*, 2:21-cv-01836-JAD-NJK, ECF No. 3.

request is a form for litigants who have already been granted permission to file electronically. *Id.* Since plaintiff is pro se, I will liberally construe the form as a motion to file electronically. Plaintiff states that this court already granted her permission to file electronically in another case, 2:20-00393-GMN-EJY. This case number does not appear to be correct. I have reviewed the following cases with similar numbers: *Douglas v. Weinstock et al.,* 3:20-cv-00393-MMD-CLB and *Fesolai v. USA*, 2:20-cv-00393-JCM. Plaintiff is not a litigant in either of those cases. I cannot determine if plaintiff already has permission to file in another case. I deny plaintiff's motion to file electronically without prejudice, with leave to refile. Plaintiff has thirty days to file a motion to file electronically. She must specify which other cases she has been granted leave to file electronically in. Plaintiff should include both the case caption name and the case number when describing her other cases.

ACCORDINGLY,

I ORDER that Madden's application to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice.

I FURTHER ORDER that Madden's request for CM/ECF Login and Password (ECF No 3) is DENIED without prejudice.

I FURTHER ORDER that Madden has until December 29, 2022, to file (1) an updated IFP application using the Long Form or pay the filing fee as specified in this order AND (2) an updated motion for leave to file electronically. Failure to timely comply with this Order may result in case closure or a recommendation for dismissal with prejudice.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

  IT IS SO ORDERED.

  DATED this 29th day of November 2022.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE